# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

RYAN FINLEY, and BRAD FINLEY,

        Appellants,

vs.

ATLAS COMPUTERS, INC., and MILOS MILENKOVIC, an individual,

        Appellees.

Case No. 10-CV-405-GKF-FHM

## REPORT AND RECOMMENDATION

This appeal from a decision of the Bankruptcy Court has been referred to the undersigned United States Magistrate Judge for report and recommendation. The undersigned RECOMMENDS that the decision of the Bankruptcy Court be REVERSED.

## JURISDICTION AND STANDARD OF REVIEW

The District Court has jurisdiction over this appeal under 28 U.S.C. § 158. The Bankruptcy Court's legal conclusions are subject to *de novo* review. *Phillips v. White* (*In re White*), 25 F.3rd 931, 933 (10th Cir. 1994). The Bankruptcy Court's findings of fact are reviewed under the "clearly erroneous" standard. *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540 (10th Cir. 1988).

This matter is an appeal of the Bankruptcy Court's grant of summary judgment. Appellants/Claimants did not contest Appellees'/Debtors' statement of undisputed facts. Therefore the issue is whether Debtor is entitled to judgment based upon those undisputed facts. Furthermore, the parties agree that this appeal concerns the Bankruptcy Court's legal conclusions. This Court's review is therefore *de novo.*

## BACKGROUND

The Finleys filed a lawsuit in Tulsa County District Court against Debtor, Atlas Computers, Inc. and individuals. A motion to dismiss was granted because the action did not comply with Oklahoma's derivative claim statutes. The Finleys filed a second action in the same court naming the same defendants. On August 28, 2007, Atlas filed its Chapter 7 petition in the bankruptcy court. On October 9, 2007, the Finleys filed a Dismissal Without Prejudice of the second state court action. By application of Oklahoma state law, following the second dismissal the Finleys were barred from re-asserting claims against the individual defendants.

## THE BANKRUPTCY COURT DECISION

The Bankruptcy Court did not reach the merits of Plaintiffs' claim. Instead, the Bankruptcy Court found that Plaintiffs had released their claims against the individual defendants and therefore may not assert claims against Debtor. The Bankruptcy Court's decision was based on the following findings:

1. Individual defendants named in Plaintiffs' state court petition committed the allegedly tortious conduct;

2. The individual defendants were employees or agents of Defendants;

3. The Defendants' only potential liability to Plaintiffs was respondeat superior for the actions of Defendants' employees or agents;

4. The Plaintiffs' release of liability for the employees or agents also released Defendants.

The Bankruptcy Court summarized its legal conclusions, as follows:

> Any liability of Atlas for the tortious conduct of its agents and/or employees is vicarious liability as a matter of law. The agents and employees of Atlas have been released from any liability

2

> they may have had to Claimants as a matter of law. The release of those agents and employees operates as a release of Atlas under Oklahoma law. Therefore Claimants may not assert a claim against Atlas in this bankruptcy case.

[Dkt. 3-1, p. 176-177]. The Bankruptcy Court granted the motion for summary judgment filed by Milos Milenkovic, the objection to the Findley's Amended Claim was sustained and the Findley's claims were disallowed in their entirety.

## DISCUSSION

The Bankruptcy Court relied heavily on the Oklahoma Supreme Court decision in *Sisk v. JB Hunt Transport, Inc.,* 81 P.3d 55 (Okla. 2003). In that case a pedestrian who was injured when he was struck by a tractor-trailer rig brought an action against the rig's driver and the driver's employer. Before trial the driver was dismissed with prejudice and the jury found against the driver's employer. On appeal the case presented the following single question:

> Whether a plaintiff's second dismissal of a time-barred claim against a co-defendant's servant operates, in fact and in law, **to release the defendant/master** by operation of the common-law rule that a servant's dismissal by the act of a plaintiff also operates to release the master's liability and to extinguish the tort claim where the claim is advanced on the servant's negligence alone?

*Id*. at 56 (emphasis in original). The Oklahoma Supreme Court answered the question in the affirmative and gave the following legal pronouncement prospective application:

> We hold today the *ex lege* bar from the plaintiff's voluntary act of a second dismissal of [the driver] operates at common law as a effective release of Sisk's claim against the servant. It is the § 100 recommencement bar, raised by the plaintiff's own act of dismissing the servant that, in fact and in law, also extinguishes his claim against the vicariously liable master. When a servant is effectively released, his master, whose liability is solely derivative, stands released as well. Today's

3

> pronouncement is given purely prospective effect. It shall govern only those claims which will arise **after mandate has been issued herein.**

*Id.* at 62 (emphasis in original).

The application of the *Sisk* decision to this case and the Bankruptcy Court's decision rests on the premise that the individual tortfeasors were the employees or agents of the Defendant/Debtor company, Atlas Computers, Inc. However, the statement of undisputed facts does not establish that the individual defendants acted on behalf of Atlas Computers. Rather, the statement of undisputed facts recites that the individual defendants were "managers and an agent of Perry." [Dkt. 3-1, p. 19]. Perry is the Plaintiff/Claimants' company.

Nothing within the statement of undisputed facts establishes that the individual defendants were employees or agents of the Defendant/Debtor Company. Likewise, Plaintiffs' Amended Petition, the document which supports the statement of facts, does not assert that the individual defendants were employees and agents of the Defendant/Debtor Company. [Dkt. 3-1, pp. 75-82]. Since the Bankruptcy Court decision was made on summary judgment there was no development of the facts. The absence of any statement of undisputed fact asserting that the individual defendants were in fact acting on behalf of the Debtor Defendant precludes the application of the rule announced in *Sisk* that the release of the servant also releases the master.[1]

---

[1] The undersigned notes that although the statement of undisputed facts does not establish that the individual defendants were employees or agents of Defendant/Debtor company, Appellant/Claimants seem to have tacitly admitted that they were as their brief does not raise the issue.

Further, even if the individual defendants were the employees and agents of the Defendant/Debtor company, the undeveloped factual record as set out in the statement of undisputed facts does not support the conclusion that the only potential liability of Defendant/Debtor company is vicarious liability for the acts of the individual defendants. In their appeal brief Plaintiffs repeatedly assert that in the state court action they were asserting a direct claim against the Defendant/Debtor company. At a minimum, this is confirmed in the statement of undisputed facts contained in the motion for summary judgment where the Defendant/Debtor company recounted that in the state court action Plaintiffs alleged that the Defendant/Debtor company "intentionally and wrongfully accepted the transfer of assets from Perry Quality Services, LLC." No authority has been cited which would support the result of the Bankruptcy Court's decision, which is that the corporation in receipt of such assets cannot be held directly liable for the value of those assets. That result is not supported by the case relied on by the Bankruptcy Court, *Magnum Foods, Inc. v. Continental Casualty Co.*, 36 F.3d 1491 (10th Cir. 1994).

In *Magnum* the question was whether a punitive damage award against a corporation was covered by insurance. Under Oklahoma law, public policy forbids insurance coverage for punitive damages, except when punitive damage liability arises solely under principles of vicarious liability. *Id.* at 1497. In *Magnum* the facts of the case demonstrated that the employer was directly liable for its own gross negligence in hiring, supervising, and retaining the tortfeasor employee. As a consequence, no insurance coverage was available for the punitive damage award. *Id.* at 1502. As relevant to its decision, the *Magnum* Court discussed the difference between direct corporate liability resulting from the imposition of a nondelegable duty on a corporation and that liability which

5

under respondeat superior is imposed on a blameless corporation for the actions of employees committed while acting in the scope of employment. *Id.* at 1499-1501. The *Magnum* Court did not, however, endeavor to identify every basis for the imposition of liability against a corporation directly without the expedient of also maintaining a claim against wrongdoing corporate employees or agents. Further, the case did not speak to the situation presented in this case, corporate liability for the intentional and wrongful acceptance of a transfer of assets.

Since the matter was decided on summary judgment, the factual record was not fully developed. Accordingly, on the record before the court it cannot be said that there is no legal basis for the assertion of a direct claim against the Defendant/Debtor, at least for alleged damages for the receipt of converted property.

Based on the foregoing, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Bankruptcy Court granting summary judgment to Defendant/Debtor be REVERSED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma by February 22, 2011.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 8th day of February, 2011.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE